## DISCRETION IN THE ORDERING OF A SIDEWALK IMPROVEMENT.

Superior Court of Cincinnati.

ELEANOR MITCHELL v. CITY OF CINCINNATI.

Decided, April 27, 1918.

*Sidewalks—Discretion Exercised by Council—In Ordering Sidewalk Improvement—May Not be Interfered with by the Courts, Unless.*

Members of council are the sole judges of the propriety as well as the necessity of a sidewalk improvement, and their decision when not transcending their powers nor induced by fraud or manifestly an abuse of discretion is not subject to judicial revision.

*Dickerson, Black & Dickerson,* for plaintiff.
*Saul Zielonka, Frank K. Bowman* and *Clifford Cordes,* contra.

GUSWEILER, J.

This is an action for injunction against the city of Cincinnati brought by the plaintiff, owner of thirty-five feet of realty on the south side of Martin street, Cincinnati, being numbers 957 and 959. The action is to prevent the city enforcing its order regularly passed, to construct a sidewalk of cement paving in front of said premises.

The plaintiff claims that there is now in front of said premises a good brick sidewalk, full width, well constructed and suitable in all respects for the passage of pedestrians, and that it is unnecessary to replace the same with a new sidewalk, and that the present brick sidewalk will be serviceable for a long time to come. The city by answer pleads a general denial.

The case was heard on its merits and we find after careful consideration of all the evidence that the facts do not justify plaintiff's contention. We find the evidence to disclose that this sidewalk at No. 959 has a hole from the curb to the center of the walk, approximately 5 ft. x 5 or 6 ft. where the bricks are

missing; that the bricks on both walks are worn unevenly and irregularly; that these walks are not good, are not properly constructed and are not suitable for pedestrian use.

On the facts we fail to find the requirement unreasonable, unjust or any manifest abuse of discretion on the part of the city in its passage or enforcement of the order herein involved.

It is contended by plaintiff that plaintiff could at small expense place these sidewalks in good condition with new brick, etc. We believe that the condition of both sidewalks necessitate their having to come up and new walks put down. However, as a matter of law, we are of the opinion that a municipality has discretionary authority by ordinance through its council to legislate on this question and that equity will not be justified by injunction to restrain the enforcement of an order for sidewalk improvements or changes, unless it is clearly proven that there was manifest abuse of discretion amounting to bad faith.

Members of council are the sole judges of the propriety as well as the necessity of an improvement and their decision when not transcending their powers nor induced by fraud or manifestly an abuse of discretion, is not subject to judicial revision. *Ry. Co.* v. *Defiance*, 52 O. S., 262; *Dillon on Municipal Corporations,* Sections 94, 95, 868; *Beach on Public Corporations,* Section 1205, 1112, 1118; *High on Injunctions,* Section 1270; *General Code,* 3582 to 3870.

Even if we were to admit what plaintiff says as to the present sidewalk conditions we are nevertheless of the opinion that there exists no evidence of abuse of discretion on the part of the city as was found in *Livingston* v. *Cincinnati,* 22 C.C.(N.S.), 383; *Ditmers* v. *City of Columbus et al,* 2 N.P.(N.S.), 657.

It follows that the petition of the plaintiff must be dismissed at plaintiff's costs.